Dear Mr. Sanner:
This office is in receipt of your opinion request submitted on behalf of Cameron Parish Gravity Drainage District No. 4 (Drainage District). We understand from your request that a landowner, who owns an undivided interest in the land subject to the servitude, desires to use the surface of the "permanent right of way or servitude" (language in agreement paragraph (1) one) to gain access to family land which is located to the west of the servitude area.
Your first inquiry is, may an undivided owner of the servient estate use the surface of the dominant estate for his own use? Although only a technical comment, it must be noted that this is not a predial servitude as defined by La. C.C. Art. 646. A predial servitude must have both a dominant and a servient estate. In this situation there is no dominant estate. Therefore the proper term is a "right of use" as defined in La. C.C. Art.639 and explained in articles 639 thru 645. The interest of the Drainage District is a personal right of use, is a heritable right under La. C.C. Art. 644, and is regulated by the application of "the rules governing usufruct and predial servitudes to the extent that their application is compatible" under La. C.C. Art. 645. These code articles have only been in existence since January 11, 1977. It should also be noted that the Courts have used the terms dominant and servient estate in analyzing these types of cases, even though the term dominant estate is not technically correct.
Louisiana jurisprudence has held that the owner of the dominant estate (right of use) is given no right to hinder the owner of the servient estate in enjoyment of his own propertynor to prohibit use of the servitude by owner of the servientestate or others holding rights through him (emphasis added).Cazes v. Robertson, 421 So.2d 423. However, the courts have continuously interpreted the laws of conventional or voluntary servitudes and held that when the initial establishment of the servitude does not, by its terms, reserve any special rights in favor of the servient estate, such rights cannot be recreated and superimposed over terms of the original contract without assent of the owner of the dominant estate. Ogden v. Bankston,398 So.2d 1037.
The Courts have balanced these competing interests based on the facts of the particular cases. In levee cases, use by the owner has been allowed where there is no danger to the integrity of the levee or the levee boards need to do maintenance. For example the owner may graze cattle with a cattle guard, but fences with locked gates would unreasonably interfere with mowing and maintenance. Hathon v. Board of Commissioners,218 So.2d 335 (La.App. 3 Cir., 1969).
In El Paso Field Service, Inc. vs. Minvielle,867 So.2d 120 (La.App. 3 Cir. 2004) the owner was allowed to maintain a crawfish pond over a high pressure LNG pipeline but was enjoined from using a power harvester within three feet either side of the pipeline where the power harvester dug 40 inches deep and where the pipeline was only buried 36 inches deep.
In the present situation, a person walking over a slightly raised earthen structure does not present an unreasonable risk to the structure. The structure controls could easily be fenced off with a separate fence, if that exposure is a concern. In our opinion the owner of the undivided interest may walk over the servitude to access the remainder of his property, located to the west of the servitude.
Your second question is what liability to the dominant estate (right of use) does the undivided owner incur as a result of his use. The undivided owner would be liable in tort for any damage that his negligence may cause.
I trust that this adequately responds to your inquiry.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: CHARLES F. PERRY Assistant Attorney General